BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Amtrak Train Derailment in
Philadelphia, PA, on May 12, 2015

MDL DOCKET NO.: 2654

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ("AMTRAK") RESPONSE TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendant National Railroad Passenger Corporation ("Amtrak") hereby responds to the motion of plaintiffs Blair Berman, Geralyn Ritter, Jonathan Ritter, Felicidad Iban, Daniel Armyn, Nicole Armyn, Amy Miller, Maria Iban, Mariana Estrades, Tom Stadnik, Jen Stadnik, Samantha Pincus, Catherine Greenman, James Greenman, Martin Burke and Ann Moyer (together, "Plaintiffs") to transfer cases to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings before Judge Legrome Davis, and to transfer all subsequently-filed actions involving common questions of fact to the Eastern District of Pennsylvania for inclusion in this MDL proceeding. For the reasons set forth below, Amtrak consents to and joins plaintiffs' motion.

1. Amtrak agrees that all of the cases identified in the plaintiffs' Schedule of Actions arise out of the derailment of Amtrak Regional Rail Train 188 on May 12, 2015 in Philadelphia, Pennsylvania.

2. Amtrak also agrees that at the time of plaintiffs' filing, 19 civil actions arising from the derailment had been filed by 42 plaintiffs in four federal district courts – the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the

Eastern District of Pennsylvania, and that all of these actions involve the same nucleus of fact and all seek damages for personal injuries suffered in the derailment.

3. Several more lawsuits have been filed in the Eastern District of Pennsylvania since plaintiffs' filed their moving papers, including two wrongful death/survival actions.

4. On June 25, 2015, Derrick and Laprenda Caesar filed suit against Amtrak in the Eastern District of Pennsylvania, asserting claims arising from the derailment of Train 188. See Caesar v. National Railroad Passenger Corp., No. 2:15-cv-3557 (E.D.Pa.). A copy of the Complaint and docket sheet are attached hereto at Exhibit A.

5. On June 29, 2015, Jacqueline Mercita Gaines filed suit against Amtrak on behalf of herself and the estate of her husband, James Marshall Gaines, III, asserting claims arising from the derailment of Train 188. See Gaines v. National Railroad Passenger Corp., No. 2:15-cv-3620 (E.D.Pa.). A copy of the Complaint and docket sheet are attached hereto at Exhibit B.

6. On June 29, 2015, Danna Gildersleeve filed suit against Amtrak on behalf of herself and the estate of her husband, Robert Gildersleeve, Jr., asserting claims arising from the derailment of Train 188. See Gildersleeve v. National Railroad Passenger Corp., No. 2:15-cv-3626 (E.D.Pa.). A copy of the Complaint and docket sheet are attached hereto at Exhibit C.

7. As stated in plaintiffs' moving papers, under 28 U.S.C. § 1407, all of these actions should be transferred to a single district court for coordinated or consolidated pretrial proceedings before the same district judge. Creation of an MDL will promote the just and efficient litigation of these actions. As noted above, the actions arise from the same occurrence and will involve the same factual and legal issues in advance of trial, including discovery. An MDL proceeding will promote coordinated discovery, reduce the costs of litigation, and enable cases to proceed more efficiently to resolution or trial. An MDL also will conserve judicial

2

resources by enabling one judge to manage common issues, thus avoiding the necessity for multiple district judges to address identical legal issues, while at the same time preventing duplicative or conflicting pretrial rulings.

8. As discussed in plaintiffs' moving papers, additional considerations support the formation of an MDL to coordinate litigation related to the derailment of Train 188. The Amtrak Reform and Accountability Act of 1997 imposes a limit of $200 million on the aggregate allowable award to all rail passengers, against all defendants, arising from a single accident relating to rail passenger transportation. See 49 U.S.C. § 28103. The aggregate damages in the cases related to the derailment potentially could exceed $200 million, in which case coordinated supervision by one judge would be essential, as it would permit efficient resolution of the cases in a fair manner for all of the parties.

9. As noted by plaintiffs, this Panel has previously consolidated and coordinated cases involving train derailments in the federal district in which those accidents occurred and in which the majority of actions were filed. See In re Train Derailment Near Amite, LA, on Oct. 12, 2002, 269 F. Supp.2d 1378 (J.P.M.L. 2003); In re Rail Collision Near Chase, Md. on Jan. 4, 1987, 661 F. Supp. 69 (J.P.M.L. 1987); In re Amtrak Train Derailment at Frankewing, Tenn., on Oct. 1, 1975, 431 F. Supp. 916 (J.P.M.L. 1977).

10. Amtrak agrees with plaintiffs' suggestion that the Panel assign all cases arising from the derailment to Judge Legrome Davis of the Eastern District of Pennsylvania. Judge Davis has been assigned 16 out of 22 current cases relating to the derailment, including all 16 cases pending in the Eastern District of Pennsylvania. It is anticipated that Judge Davis will be assigned all future cases in the Eastern District of Pennsylvania relating to the derailment of Train 188.

3

11. As discussed in plaintiffs' moving papers, Judge Davis is an experienced and well-respected district judge who has prior experience in handling MDL proceedings, including In re: Comcast Corp. Peer-To-Peer (P2P) Transmission Contract Litigation, MDL No. 1992, and In re Plastics Additives Antitrust Litigation (NO. II), MDL No. 1684. Judge Davis' experience, credentials and reputation are more fully addressed in plaintiffs' moving papers.

12. Amtrak anticipates that numerous additional lawsuits will be filed relating to the derailment of Train 188, including wrongful death and survival actions and personal injury claims. Amtrak has been contacted by counsel representing other passengers who have not yet filed suit, including counsel located in the Eastern District of Pennsylvania. The expectation of additional lawsuits further supports an Order transferring all related cases to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under Judge Davis' supervision.

WHEREFORE, Amtrak consents to and joins in plaintiffs' request that the Panel issue an Order under 28 U.S.C. § 1407 transferring all current and future actions related to the Amtrak derailment on May 12, 2015 to the Eastern District of Pennsylvania, to be assigned to Judge Legrome Davis for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Landman Corsi Ballaine & Ford P.C.

/s/ Mark S. Landman
Mark S. Landman, Esq.
mlandman@lcbf.com
120 Broadway, 27th Floor
New York, NY 10271-0079
(212) 238-4800 (telephone)
(212) 238-4848 (facsimile)

4

John A. Bonventre, Esq.
One Gateway Center, 4th Floor
Newark, NJ 07102-5311
jbonventre@lcbf.com
(973) 623-2700 (telephone)
(973) 623-4496 (facsimile)

Yuri J. Brunetti, Esq.
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
ybrunetti@lcbf.com
(215) 561-8540 (telephone)
(215) 988-1215 (facsimile)

Attorneys for Defendant National Railroad Passenger Corporation ("Amtrak")

Dated: June 30, 2015

BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Amtrak Train Derailment in
Philadelphia, PA, on May 12, 2015

MDL DOCKET NO.: 2654

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ("AMTRAK") BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

## I. BACKGROUND

On June 23, 2015, plaintiffs Blair Berman, Geralyn Ritter, Jonathan Ritter, Felicidad Iban, Daniel Armyn, Nicole Armyn, Amy Miller, Maria Iban, Mariana Estrades, Tom Stadnik, Jen Stadnik, Samantha Pincus, Catherine Greenman, James Greenman, Martin Burke and Ann Moyer (together, "plaintiffs") filed a motion to transfer all currently pending actions, arising from the derailment of Amtrak Train 188 in the vicinity of Frankford Junction in Philadelphia, Pennsylvania, on May 12, 2015 ("Amtrak derailment"), to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings before Judge Legrome Davis, and to transfer all subsequently-filed actions arising from the Amtrak derailment to the Eastern District of Pennsylvania for inclusion in this MDL proceeding.

As set forth in defendant National Railroad Passenger Corporation's ("Amtrak") response to plaintiffs' motion, which is filed herewith, Amtrak consents to and joins in plaintiffs' motion.

## II. ARGUMENT

For the reasons set forth in plaintiffs' moving papers and Amtrak's response thereto, all pending actions relating to the derailment of Amtrak Train 188 should be transferred to a single

613890.1 DocsNJ

district court for coordinated or consolidated pretrial proceedings before the same district judge pursuant to 28 U.S.C. § 1407. As noted in plaintiffs' moving papers and Amtrak's response thereto, the creation of an MDL will promote the just and efficient litigation of these actions. The pending actions arise from the same occurrence and will involve the same factual and legal issues in advance of trial, including discovery. An MDL proceeding will promote coordinated discovery, reduce the costs of litigation and enable cases to proceed more efficiently to resolution or trial.

In addition, as discussed in plaintiffs' moving papers and Amtrak's response thereto, additional considerations support the formation of an MDL to coordinate litigation related to the Amtrak derailment. The Amtrak Reform and Accountability Act of 1997 imposes a limit of $200 million on the aggregate allowable award to all rail passengers, against all defendants, arising from a single accident relating to rail passenger transportation. See 49 U.S.C. § 28103. The aggregate damages in the cases related to the derailment potentially could exceed $200 million, in which case coordinated supervision by one judge would be essential to the efficient resolution of the cases in a fair manner for all of the parties.

Amtrak hereby refers the Panel to the legal arguments more fully set forth in plaintiffs' memorandum of law for additional grounds supporting the transfer of all current and future cases to the Eastern District of Pennsylvania.

### III. CONCLUSION

For the reasons set forth in plaintiffs' moving papers and in Amtrak's response thereto, Amtrak consents to and joins in plaintiffs' request that the Panel issue an Order pursuant to 28 U.S.C. § 1407 transferring all pending and future actions arising from the Amtrak derailment on

613890.1 DocsNJ

May 12, 2015 to the Eastern District of Pennsylvania, to be assigned to Judge Legrome Davis for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Landman Corsi Ballaine & Ford P.C.

    /s/ Mark S. Landman
Mark S. Landman, Esq.
mlandman@lcbf.com
120 Broadway, 27th Floor
New York, NY 10271-0079
(212) 238-4800 (telephone)
(212) 238-4848 (facsimile)

John A. Bonventre, Esq.
One Gateway Center, 4th Floor
Newark, NJ 07102-5311
jbonventre@lcbf.com
(973) 623-2700 (telephone)
(973) 623-4496 (facsimile)

Yuri J. Brunetti, Esq.
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
ybrunetti@lcbf.com
(215) 561-8540 (telephone)
(215) 988-1215 (facsimile)

Attorneys for Defendant National Railroad Passenger Corporation ("Amtrak")

Dated: June 30, 2015